IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SHERRY SHULL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-00084-CV-W-ODS |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, S.I., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending is Defendant's motion for summary judgment. Doc. #25. For the
following reasons, Defendant's motion is granted.

I.     PROCEDURAL BACKGROUND

On January 10, 2018, Plaintiff filed her Petition in the Circuit Court for Jackson
County, Missouri, alleging Defendant was unlawfully withholding payment due to her
after her collision with underinsured motorist Joshua Sowell. Doc. #1-1, at 1-11. At the
time of the accident, two automobile insurance policies issued to Plaintiff by Defendant
were in force. First, Policy No. 2054-7815-01-69-FPPA-MO provided coverage for a
1999 Chevrolet Blazer ("Blazer policy"). Second, Policy No. 2054-7815-02-72-FPPA-
MO provided coverage for a 2001 Saturn SL1 ("Saturn policy"). The Blazer policy
provided underinsured motorist ("UIM") coverage with a limit of "$50,000 each person,"
and "$100,000 each accident." The Saturn policy provided UIM coverage with a limit of
"$100,000 each person," and "$300,000 each accident."

On January 31, 2018, Defendant removed this matter on the basis of diversity
jurisdiction. Doc. #1. Contemporaneously, Defendant filed a motion to dismiss
pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. #2. The Court granted
Defendant's motion to dismiss to the extent Defendant argued Plaintiff may not stack

her UIM coverages, but denied Defendant's motion to the extent it argued the Saturn policy is inapplicable as alleged. Doc. #11. Defendant now seeks summary judgment on the issues of whether (1) the Saturn Policy provides UIM coverage to Plaintiff with respect to the accident, and (2) the applicable UIM limits under the Blazer Policy are reduced by all sums received by Plaintiff from the tort-feasor.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). Inadmissible evidence may not be used to support or defeat a motion for summary judgment. *Brooks v. Tri-Sys., Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005) (citation omitted). The Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984). "[A] nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Nationwide Prop. & Cas. Ins. Co. v. Faircloth*, 845 F.3d 378, 382 (8th Cir. 2016) (citations omitted).

## III. DISCUSSION

Interpretation of an insurance policy is a question of law. *McCormack Baron Mgmt. Servs., Inc. v. Am. Guar. & Liab. Ins. Co.*, 989 S.W.2d 168, 171 (Mo. banc 1999) (citation omitted). In Missouri, the general rules of contract construction apply to insurance contracts. *Daughhetee v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 1128,

1132 (8th Cir. 2014) (citation omitted).[1]  "The provisions of an insurance policy are read in context of the policy as a whole," and "[t]he language in a policy is given its ordinary meaning unless another meaning is plainly intended."  *Columbia Mut. Ins. Co. v. Schauf*, 967 S.W.2d 74, 77 (Mo. banc 1998) (citations omitted).  The key is whether the language is ambiguous or unambiguous.  *Daughhetee*, 743 F.3d at 1132-33 (citation omitted).  If the language is unambiguous, the Court must interpret the policy as written, but if the language is ambiguous, the Court must interpret the policy in favor of the insured.  *Id.* at 1133 (citations omitted).  "An ambiguity exists when there is duplicity, indistinctness or uncertainty in the meaning of the policy [and] is reasonably open to different constructions."  *Gulf Ins. Co. v. Noble Broad.*, 936 S.W.3d 810, 814 (Mo. banc 1997).  "UIM coverage is floating, personal accident insurance that follows the insured individual wherever he goes rather than insurance on a particular vehicle."  *Naeger v. Farmers Ins. Co.*, 436 S.W.3d 654, 661 (Mo. App. E.D. 2014) (citing *Long v. Shelter Ins. Cos.*, 351 S.W.3d 692 (Mo. App. W.D. 2011)).  Missouri law, however, does not require UIM coverage, so "the contract between the insured and the insurer defines and limits coverage."  *Id.* at 662.  The use of an exclusion to narrow a broad grant of coverage is a "necessary provision [ ] in insurance policies" and will be enforced "[i]f [it is] clear and unambiguous within the context of the policy as a whole[.]"  *Floyd–Tunnell*, 439 S.W.3d at 221 (citation and inner quotation marks omitted).

Defendant first argues the Saturn and Blazer policies are not ambiguous.  According to Defendant, the "Other Insurance" section in each policy is inapplicable because the Saturn policy does not provide UIM coverage to Plaintiff with respect to the subject accident.  Defendant further argues the Blazer is excluded from coverage under the Saturn policy by the "Owned Vehicle" exclusion.  Plaintiff claims the policies are ambiguous in that the "Other Insurance" provision and "Owned Vehicle" exclusion are contradictory.  Although the policies provide different UIM coverage limit amounts, the contractual language of the policies' UIM coverage sections are identical.  In relevant part, the exclusions of each policy's UIM coverage section states:

---

[1] Both parties rely on Missouri law, so the Court will do the same.

C. EXCLUSIONS
        1. **We** do not provide coverage for **bodily injury** sustained by any **insured person**:
            a. while **occupying**, or when struck by, a motor vehicle which is owned by or furnished or available for regular use by **you** or any resident of **your** household that is not insured for this coverage under this policy.

Doc. #1-1, at 31, 53 (emphasis in original). In relevant part, the other insurance section of each policy's UIM coverage states:

E. OTHER INSURANCE
        The other insurance language is subject to the anti-stacking provisions in Section D.2 LIMITS OF LIABILITY.
        1. Other Policies Issued by Us
        For the same motor vehicle accident, if there is underinsured motorist coverage under more than one policy issued to **you** or a **relative** by us or any member company of the **American Family Insurance Group of companies**, only the policy with the highest underinsured motorist coverage limits of liability will provide underinsured motorist coverage subject to the reductions provided for in the "Limits of Liability" section. If two or more such policies have the same highest underinsured motorist coverage limits of liability, then only one such policy chosen by **us** will provide underinsured motorist coverage subject to the reductions provided for in the "Limits of Liability" section.

Doc. #1-1, at 32, 54 (emphasis in original). The Missouri Supreme Court has reiterated that insurance policies should be read as a whole, including the general insuring agreement, definitions, and exclusions, to determine the scope of coverage. *Dutton v. Am. Family Mut. Ins. Co.*, 454 S.W.3d 319, 324 (Mo. banc 2015) (citation omitted). "To stop reading the policy at the coverage provisions, without regard to exclusions, would lead to absurd results from . . . Owners and insurers alike would be surprised to learn that their purchase of insurance on a single motor vehicle made them the insurer of all passenger cars." *Id.* at 325.

The Missouri Court of Appeals recently enforced an "owned-vehicle" exclusion to UIM coverage that is identical to the "owned-vehicle" exclusion in the policy at issue. *See Maxam v. Am. Family Mut. Ins. Co.*, 504 S.W.3d 124 (Mo. App. W.D. 2016). In

*Maxam*, the Court found the "owned-vehicle" exclusion to UIM coverage in the policy was clear and unambiguous. *Id.* at 128. As in *Maxam*, the plain language of the policy states UIM coverage will not be provided for a bodily injury sustained in a motor vehicle owned by the insured but "not insured for [UIM] coverage under the policy." Doc. #1-1 at 31, 53. This Court will not create an ambiguity where there is none. *See Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 163 (Mo. banc 2007).

The "owned-vehicle" exclusion is also clear and unambiguous within the context of the policy as a whole. Plaintiff was warned coverage was subject to all terms of the policy. The Declarations page of both policies directed her to "PLEASE READ YOUR POLICY." Doc. #1-1 at 12, 34. The first page of the Agreement stated "We agree . . . to insure you subject to all terms of this policy." *Id.* at 15, 37. The first page of the UIM endorsement states, "With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by this endorsement." *Id.* at 31, 53. The UIM endorsement later includes the "owned-vehicle" exclusion. Neither party disputes the bodily injury was sustained while Plaintiff was driving her Blazer. The Blazer was a vehicle owned by Plaintiff but was not covered by the Saturn policy, which only insured Plaintiff's Saturn, and thus clearly and unambiguously excluded from UIM coverage by the terms of the Saturn policy. "The policy only provides coverage of owned cars that are insured under a policy as well as an insured's operation of other cars so long as they are not owned and uninsured by the policy." *Dutton*, 454 S.W.3d at 323. Because the "owned-vehicle" exclusion is clear and unambiguous, by its own terms as well as within the context of the policy as a whole, it will be enforced.

The "Other Insurance" section of the policies is inapplicable here. The "Other Insurance" section is only applicable "if there is underinsured motorist coverage under more than one policy" issued by Defendant. Doc. #1-1 at 32, 54. The Saturn policy only covers Plaintiff's Saturn, not her Blazer. The Saturn policy defines "Your Insured Car" as:

> I. Your insured car means:
>  1. Any vehicle shown in the Declarations.
>  2. Any trailer;
>      a. That you own; or

b. While attached to your insured car.
3. Any nonowned car.
4. Any car or railer that you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
a. Breakdown;
b. Repair;
c. Servicing;
d. Loss; or
e. Destruction

Doc. #1-1 at 38. The declarations page of the Saturn policy does not mention the Blazer. Doc. #1-1 at 34. Further, the Blazer is not a trailer, and it was owned by Plaintiff. Therefore, the Blazer does not fit within the definition of "your insured car" in the Saturn policy. Plaintiff's bodily injury was sustained while she was driving her Blazer. Because the Blazer was not insured by the Saturn policy, only the Blazer policy provides coverage, and the "Other Insurance" section of the Saturn policy is inapplicable.

The second issue is how much UIM coverage Plaintiff is entitled to under the Blazer policy. Defendant argues the UIM coverage limits of the Blazer policy are reduced and offset by the deduction of those sums received by Plaintiff from the tort-feasor's insurer. Plaintiff argues both policies are ambiguous or create uncertainty within the language of the policy, and therefore, her coverage should not be reduced.

The declarations page of the Blazer policy states "UIM LIMIT IS REDUCED BY PAYMENT FROM OTHER SOURCES – ENDORSEMENT 55 LIMITS OF LIABILITY." Doc. #1-1 at 12. Section D(3) of the Blazer policy states: "The limits of liability of this coverage will be reduced by: a. all payments made by or on behalf of the owner or operator of the underinsured motor vehicle or organization which may be legally liable." Doc. #1-1 at 32. The Missouri Court of Appeals recently found an "offset" provision identical to the one at issue in this matter unambiguous and enforceable. *See Marrs v. Am. Family Mut. Ins. Co.*, 522 S.W.3d 926 (Mo. Ct. App. 2017). Based on its reading of the policies, and the analysis set forth in *Marrs*, the Court finds the offset language in the Blazer policy is unambiguous and enforceable. Therefore, the UIM

coverage limits under the Blazer policy are offset and decreased by the deduction of the sum(s) previously received by Plaintiff from the tort-feasor and the tort-feasor's insurer. Accordingly, Defendant's motion for summary judgment is granted.

## IV.    CONCLUSION

Consistent with the above opinion, Defendant's motion for summary judgment is granted.

IT IS SO ORDERED.

<u>/s/ Ortrie D. Smith</u>
DATE: January 14, 2019                    ORTRIE D. SMITH, SENIOR JUDGE
                                          UNITED STATES DISTRICT COURT